UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INMOBILIARIA BUDA S. DE R.L. DE C.V.; INMOBILIARIA DONA LUCHA S. DE R.L. DE C.V., <br><br> Plaintiffs, <br><br> v. <br><br> SARAH ELLEN BROWN; CALEB PRESTON; JENNIFER CAMPBELL, <br><br> Defendants. | § § § § § § § § § § § § § § <br><br> Case No. 1:20-cv-00806-LY |

## DEFENDANTS' JOINT MOTION TO DISMISS

Defendants Sarah Ellen Brown, Caleb Preston, and Jennifer Campbell jointly move for dismissal of all claims against them with prejudice pursuant to Federal Rule of Civil Procedure 12(b).

### I. The Complaint Fails to Allege a Plausible Claim for Relief

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, in cases "alleging fraud," the plaintiff "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Courts enforce the "bite" of Rule 9's heightened pleading requirement "with force, without apology." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997); *see also Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Diodes, Inc.*, 810 F.3d 951, 956 (5th Cir. 2016) (noting that when "the complaint involves an allegation of fraud, Federal Rule of Civil Procedure 9(b) imposes a higher standard on the complainant").

### A. The Complaint Fails to Allege a Plausible Claim of Fraud

To plead a claim of fraud, a plaintiff must show that: (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (4) the defendant intended to induce the plaintiff to act upon the representation; (5) the plaintiff actually and justifiably relied upon the representation; and (6) the plaintiff suffered injury as a result. *See JP Morgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). The fifth element has two requirements: the plaintiff must show that it actually relied on the defendant's representation and that such reliance was justifiable. *See id.*

The complaint fails to allege claims of fraud for several reasons.

*First*, the complaint fails to allege that the plaintiffs relied on any representations by the defendants. The complaint alleges that "Preston and Campbell had signed two promissory notes" without authorization, but it does not allege that the plaintiffs relied on the legitimacy of those promissory notes in taking any particular actions. Dkt. 11 at ¶ 10. The complaint also alleges, in the passive voice, that "Brown was listed as the person of record who transferred the promissory notes, which was also without authorization." *Id.* That allegation does not identify any material representation by Brown, let alone one that was relied upon by the plaintiffs.

*Second*, the complaint does not allege anything about the defendants' knowledge of the potential truth or falsity of any representations they made.

*Third*, the complaint fails to allege anything about the defendants' intentions to induce the plaintiffs to act in reliance on any representations they made.

*Fourth*, the complaint contains no allegations about what injuries the plaintiffs suffered. Paragraph 12 of the complaint states that the lawsuit seeks to recover damages, but it does not identify what injury could possibly warrant a recovery of damages.

The complaint fails to allege a plausible claim of fraud that survives the heightened pleading requirements of Rule 9(b) against any of the defendants. *See Williams*, 112 F.3d at 178. The fraud claims should be dismissed with prejudice.

**B.     A Declaratory Judgment is a Remedy, not a Cause of Action, and Federal Courts Do Not Entertain Freestanding Requests for Declaratory Judgments in the Absence of an Underlying Cause of Action**

The Fifth Circuit has held that the Texas Declaratory Judgment Act is "merely a procedural device" for providing a remedy and "does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). For that reason, the Texas Declaratory Judgment Act does not apply in federal court. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). When a request for declaratory relief under state law is brought in federal court, "that action is in effect converted into one brought under the federal Declaratory Judgment Act." *Johnson v. Citigroup Mortgage Loan Trust Inc.*, 5:16-CV-1114-RCL, 2017 WL 3337268, at *15 (W.D. Tex. Aug. 3, 2017) (quoting *Scott v. Bank of America, N.A.*, 2013 WL 1821874, at * 9 (W.D. Tex. Apr. 29, 2013)).

"Like the Texas version, the federal Declaratory Judgment Act is remedial only" and "requires an interest related to an underlying cause of action under federal law." *Id.* "[I]t is the underlying cause of action . . . that is actually litigated in a declaratory judgment action . . . ." *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990). "[A] request for declaratory action cannot stand alone." *Johnson*, 2017 WL 3337268, at *15.

"Accordingly, district courts dismiss requests for declaratory relief when all pleaded causes of action fail." *Id.*; *see also, e.g.*, *Reid v. Aransas Cty.*, 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011) ("Plaintiff cannot use the Declaratory Judgment Act to seek relief to which he is not otherwise entitled."); *Dederick v. Wells Fargo Bank, N.A.*, No. 4:15-CV-675, 2015 WL 12915555, at *3 (E.D. Tex. Dec. 18, 2015) ("Plaintiffs have not stated a valid claim

for wrongful foreclosure, and Plaintiffs have pled no other underlying cause of action. Therefore, Plaintiffs' claim under the Texas Declaratory Judgment Act is dismissed."); *Wells v. Bank of Am., N.A.*, A-14-CV-470-LY, 2014 WL 12591931, at *3 (W.D. Tex. July 17, 2014) (compiling cases stating that the Declaratory Judgment Act requires an underlying cause of action), *report and recommendation adopted*, 1:14-CA-470-LY, 2014 WL 12594191 (W.D. Tex. Aug. 5, 2014) (Yeakel, J.); *Sledge v. JP Morgan Chase Bank, N.A.*, No. SA:13-CV-797, 2014 WL 51169, at *4 (W.D. Tex. Jan. 7, 2014) ("Here, Plaintiffs fail to state a viable independent cause of action, and, therefore, Plaintiffs' claim for declaratory relief is dismissed."); *Silveira v. CitiMortgage, Inc.*, No. H-11-2757, 2012 WL 423409, *2 (S.D. Tex. Feb. 8, 2012) ("Because Silveira has asserted no independent cause of action on which to base his claim for declaratory relief, the Court must dismiss his claim."); *Cheaton v. JPMorgan Chase Bank, Nat'l Ass'n*, No. H-11-1777, 2012 WL 298533, *2 (S.D. Tex. Feb. 1, 2012) ("Here, Cheaton has asserted no independent cause of action but seeks only a declaration of rights. Cheaton's purported cause of action under the TDJA is therefore dismissed.").

The Court should dismiss the plaintiffs' request for declaratory relief with prejudice.

## II. The Complaint Fails to Establish Personal Jurisdiction

The "burden of proof to establish personal jurisdiction over the defendants rests upon the plaintiff." *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). Federal Rule of Civil Procedure 4(k)(1) provides that this Court has personal jurisdiction over a defendant only if the defendant would be "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." In other words, this Court must analyze personal jurisdiction in the same way a state court would if this lawsuit had been filed there. *See McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (applying Texas long-arm statute).

*General Jurisdiction*. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). As paragraphs 3 through 5 of the complaint acknowledge, none of the defendants in this case is domiciled in Texas, so this Court lacks general jurisdiction over any of the defendants.

*Specific Jurisdiction*. For this Court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must have minimum contacts with the forum state in which the defendant purposefully availed herself of the privilege of conducting activities in the forum state or purposefully directed her conduct into the forum state; and (2) the suit must arise out of or relate to those forum contacts. *Id.* at 1785–86.

With respect to the first requirement, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Courts must reject "attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* at 284. No matter how "significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated.'" *Id.* at 285 (quoting *Rush v. Savchuk*, 444 U.S. 320, 322 (1980)).

With respect to the second requirement, this Court must "not look to all of [the defendants'] activities in Texas, but only [their] activities that give rise to [the plaintiffs'] cause of action." *RSM Prod. Corp. v. Global Petroleum Grp., Ltd.*, 507 S.W.3d 383, 396 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Specific jurisdiction is "a claim-specific inquiry" requiring analysis of whether each claim against each defendant arises from contacts with the forum state. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006).

The complaint contains no allegation that Brown actually engaged in any affirmative conduct (let alone conduct directed at the State of Texas that gives rise to this

5

lawsuit) and instead alleges in the passive voice that her name "was listed as the person of record" on the promissory notes. Dkt. 11 at ¶ 10. On its face, the complaint fails to allege facts demonstrating minimum contacts with Texas, so this Court lacks specific jurisdiction over the claims against her.

The complaint also contains no allegation that Preston or Campbell ever made contact with the State of Texas. The only thing in the complaint that relates to Texas is paragraph 7, which states that the Austin Division of the Western District of Texas was "the location where such agreements between the parties were made." It is unclear what "agreements" or "parties" that statement is even referring to, given that the complaint alleges the existence of two fraudulent promissory notes that are not "agreements" at all. Paragraph 7 is conclusory and lacks sufficient factual content to establish a nexus between any actions taken by Preston or Campbell and the State of Texas. *See, e.g.*, *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019) (noting that the court accepts "non-conclusory" factual allegations as true); *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) ("Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for specific jurisdiction has been presented."); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (agreeing with the district court's decision not "to credit conclusory allegations" regarding jurisdiction). On its face, the complaint fails to allege that Preston or Campbell purposefully availed themselves of the privileges of doing business in Texas, so this Court lacks specific jurisdiction over the claims against them as well.

As a final matter, any exercise of personal jurisdiction must be fair and reasonable. *See Seiferth*, 472 F.3d at 276. Courts consider a variety of interests in evaluating fairness, including judicial economy and the plaintiffs' interests, but the Supreme Court recently clarified that the "primary concern" is "the burden on the defendant." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

6

286, 292 (1980)). Assessing this burden "requires a court to consider the practical problems resulting from litigating in the forum." *Id.* It is undisputed that none of the defendants live in Texas. Furthermore, none of the operative facts in this case occurred in Texas. Forcing the defendants to litigate in Texas will result in significant hardship to them, and it will be inconvenient for all parties involved in this dispute.

For the foregoing reasons, the plaintiffs' claims should be dismissed for lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b)(2).

### III. The Complaint Fails to Establish that Venue is Proper

"Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue." *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). "The general rule is that venue must be established for each separate cause of action for each defendant." *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013); *see also McCaskey*, 133 F. Supp. 2d at 523 (noting that it "is well established that in a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant").

28 U.S.C. § 1391(b) provides three ways to establish venue in a civil action. None of them apply in this case.

Section 1391(b)(1) does not apply because the defendants do not reside in Texas. The complaint acknowledges this in paragraphs 3–5.

Section 1391(b)(2) does not apply because the plaintiffs have failed to establish that "a substantial part of the events or omissions giving rise to the claim[s]" against the defendants occurred in the Western District of Texas. Paragraph 7 states that the Austin Division of the Western District of Texas is "the location where such agreements between the parties were made," but again, that statement is conclusory and lacks sufficient factual content to establish a nexus between this case and the Western District of Texas.

*See supra*, at 6. The complaint fails to show that "a substantial part of the events or omissions giving rise to the claim[s]" occurred in the Western District of Texas.

Finally, § 1391(b)(3) does not apply because the complaint fails to establish that this Court has personal jurisdiction over any of the defendants. *See supra*, Part II.

Because venue is not proper in the Western District of Texas, the plaintiffs' claims should be dismissed. *See* FED. R. CIV. P. 12(b)(3).

### IV. The Claims Against Preston and Campbell Should be Dismissed for Lack of Service

Federal Rule of Civil Procedure 4(m) states that if "a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This lawsuit was filed on July 30, 2020. As of the date of the filing of this motion on April 9, 2021, neither Preston nor Campbell has been served. The claims against them should therefore be dismissed for insufficient service of process. *See* FED. R. CIV. P. 12(b)(5).

### CONCLUSION

The plaintiffs' claims should be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 9th day of April, 2021,

> */s/ Cory R. Liu*
> Cory R. Liu
> Texas Bar No. 24098003
> ASHCROFT SUTTON REYES LLC
> 919 Congress Ave., Ste. 1325
> Austin, TX 78701
> Phone: (512) 370-1800
> Facsimile: (512) 727-8200
> Email: cliu@ashcroftlawfirm.com
>
> *Attorney for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 9, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                            */s/ Cory R. Liu*
                                            Cory R. Liu